Filed 3/12/21  P. v. Holliday CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC HOLLIDAY,<br><br>    Defendant and Appellant. | B301414<br><br>(Los Angeles County<br> Super. Ct. No. NA099163) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Laura L. Laesecke, Judge.  Affirmed as Modified.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal following resentencing on remand from this court. After defendant Eric Holliday was resentenced, the Legislature enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (S.B. 136), which amended Penal Code[1] section 667.5, subdivision (b), governing prior prison term sentence enhancements. Defendant appeals, arguing that S.B. 136 requires that two one-year prior prison term enhancements that were included in his sentence be stricken. He also asks that the abstract of judgment be modified to indicate that a gang enhancement was stayed. The Attorney General concurs, as do we.

**BACKGROUND**

We take our background facts from our prior opinion, *People v. Holliday* (Jan. 25, 2019, B284342) [nonpub. opn.] (*Holliday I*). The facts of the crimes for which defendant was convicted are not relevant to this appeal. Suffice to say that defendant was convicted of one count of attempted first degree murder (§§ 664/187, subd. (a)), three counts of assault with a firearm (§ 245, subd. (a)(2)), and one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)). The jury found gang allegations (§ 186.22, subd. (b)(1)(C)) and firearm allegations (§§ 12022.5, 12022.53, subds. (b), (c)) as to certain counts to be true, and the trial court found that defendant had suffered prior felony convictions (§ 667, subd. (a)(1)) and served prior prison terms (§ 667.5, subd. (b), hereafter § 667.5(b)). The court sentenced him to an

---

[1] Further undesignated statutory references are to the Penal Code.

indeterminate term of 15 years to life in prison plus a determinate term of 44 years and four months. (*Holliday I, supra*, B284342, at p. 2.)

The initial sentence was computed as follows. On the attempted murder count, the court imposed an indeterminate term of 15 years to life, plus determinate terms of 20 years for a firearm use allegation (§ 12022.53, subd. (c)), two years for an out-on-bail allegation (§ 12022.1), and two one-year section 667.5(b) enhancements. On the first assault with a firearm (AWF) count, the court imposed the high term of four years, plus 10 years for a firearm allegation (§ 12022.5, subd. (a)). On the second AWF count, the court imposed one-third the midterm (i.e., one year), plus one-third of the firearm allegation (i.e., one year and four months), plus two years for an out-on-bail allegation, plus two one-year section 667.5(b) enhancements. On the third AWF count, the court imposed and stayed the high term of four years, plus 10 years for the gang allegation, plus 10 years for the firearm allegation. Finally, the court imposed and stayed the midterm of two years plus three years for the gang enhancement on the possession of a firearm by a felon count. (*Holliday I, supra*, B284342, at pp. 15-16.) The two section 667.5(b) enhancements imposed with the attempted murder count and the second AWF count were based upon felony convictions for grand theft and for assault with a deadly weapon. (*Holliday I, supra*, B284342, at p. 25.)

Two things occurred while defendant's appeal from the original sentence was pending. First, defendant successfully petitioned under Proposition 47, the Safe Neighborhood and Schools Act, to have his grand theft conviction resentenced as a misdemeanor, thus making it

3

ineligible for a section 667.5(b) enhancement under the version of the statute then in effect. (*Holliday I, supra*, B284342, at pp. 25-26.) Second, the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.), which deleted the prohibition on striking firearm allegations and allowed the trial court to exercise its discretion whether to strike or dismiss such enhancements.

In *Holliday I*, we affirmed the convictions, but struck the prior prison term enhancements related to the prior grand theft conviction. We also remanded the matter to allow the trial court to conduct further proceedings as to the out-on-bail enhancements (the court had not made the necessary findings to support the enhancements) and to exercise its discretion regarding whether to strike the firearm enhancements. (*Holliday I, supra*, B284342, at p. 30.)

On remand, defendant waived his rights and admitted the out-on-bail enhancement allegations, and the trial court found those allegations to be true. The court then declined defendant's request to strike the firearm enhancements. After striking the prior prison term enhancements related to the grand theft prior conviction, the court imposed a total determinate term of 42 years plus four months, plus an indeterminate term of 15 years to life. Defendant filed a notice of appeal from the judgment on September 19, 2019.

## DISCUSSION

A.    *Section 667.5(b) Enhancements*

At the time of defendant's original sentencing and of his resentencing, section 667.5(b) provided for a one-year sentence

enhancement for each prior prison term served by the defendant for any felony except when the defendant remained free of both the commission of an offense that results in a felony conviction and of prison custody for a period of five years. (Former § 667.5(b); Stats. 2018, ch. 423, § 65; Stats. 2014, ch. 442, § 10.) Effective January 1, 2020, S.B. 136 amended section 667.5(b) to limit its application to prior prison terms served for a sexually violent offense. (§ 667.5(b); Stats. 2019, ch. 590, § 1.)

Defendant contends that this amendment applies retroactively and, since the two section 667.5(b) enhancements included in his resentencing were not for a prison term served for a sexually violent offense, he is entitled to have those two enhancements stricken from his sentence. He also contends that, because the trial court imposed the maximum possible sentence at the resentencing hearing, there is no need to remand the matter; instead this court should simply strike the two enhancements. The Attorney General agrees with both contentions.

We concur. Because the judgment on defendant's resentencing is not yet final, the amendment to section 667.5(b) applies here. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342; see also *In re Estrada* (1965) 63 Cal.2d 740, 744-746; *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-309 [discussing *Estrada*].) And, because the trial court exercised its sentencing discretion to impose the maximum possible sentence, there is no need to remand for resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.)

B.    *Abstract of Judgment*

As noted, on the third AWF count (count 7), the trial court imposed *and stayed* a high term sentence, plus 10 years for the firearm enhancement, plus 10 years for the gang enhancement. (*Holliday I*, *supra*, B284342, p. 16.) The abstract of judgment generated following his resentencing, however, fails to indicate that the gang enhancement for count 7 was imposed and stayed. Therefore, defendant requests that the abstract of judgment be corrected.

The Attorney General does not object to this correction, but notes that the gang enhancement allegation for the attempted murder count (count 1) also was found to be true (although the trial court stayed that enhancement) and that true finding and staying of the enhancement is not indicated on the abstract of judgment. Therefore, the Attorney General asks that if this court orders the correction of the abstract of judgment with regard to the stayed gang enhancement for count 7, it also order the correction with regard to count 1. We agree that both corrections should be made.

//

//

//

//

//

//

//

## DISPOSITION

The sentence is modified to strike the section 667.5(b) one-year prior prison term enhancements imposed with respect to count 1 and count 6. The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation amended abstracts of judgment that reflect: (1) the striking of the section 667.5(b) enhancements in count 1 and count 6; and (2) that a gang enhancement under section 186.22 was imposed and stayed with respect to count 1 and count 7. As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.